UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PARIS HUNTER, )<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>FREDERICK ENTZEL, et.al., )<br>   Defendants )  | Case No. 22-1251 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [13].

Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. *See* October 31, 2022 Order. The first claim in Plaintiff's complaint was barred by the statute of limitations period. Plaintiff's second claim alleged the Food Service Administrator discriminated against him in violation of Title VI of the Civil Rights Act when he was fired from his job. However, Title VII prohibits discrimination based on race, color, or national origin by a recipient of federal funds. *See* 42 U.S.C. § 2000d; *see also Gakuba v. Wright*, 2022 WL 1658866, at *5 (S.D.Ill. May 25, 2022). Plaintiff failed to identify the basis of the discrimination.

Plaintiff also failed to allege an Eighth Amendment claim based on deliberate indifference to his safety. Plaintiff was given additional time to file an amended

complaint and directions to assist him in clarifying his allegations. *See* October 31, 2022 Order.

Plaintiff has now submitted an amended complaint which has been filed as a motion for leave to file. [13]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [13].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified one Defendant from the Federal Correctional Institution at Pekin, Illinois: Food Service Administrator Angela Forcum. Plaintiff says on June 30, 2020, he reported to work in the food services department, and Defendant Forcum stated: "I do not want your find here." (Amd. Comp., p. 5). Plaintiff asked why the Defendant was speaking to him this way, and she simply told him to "shut your mouth if you know what's good for you." (Amd. Comp., p. 5). Plaintiff was not allowed to return to work.

Plaintiff says the Defendant's actions violated his equal protection rights. Plaintiff admits the Defendant did "not make clear what was intended or implied" when she referred to his "kind" of person. (Amd. Comp., p. 6). Plaintiff further states "Food Services employs other inmates which are of the same race, religion, gender, and

even the same type of (criminal) charge," so he does not understand why Defendant Forcum "found it necessary to discriminate against the Plaintiff." (Amd. Comp, p. 6).

"The Equal Protection Clause of the Fourteenth Amendment most typically reaches state action that treats a person poorly because of the person's race or other suspect classification…" *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010).  Plaintiff does not allege he belongs to any protected class.  Instead, Plaintiff has asserted a "class of one claim," alleging "he was singled out arbitrarily, without rational basis, for unfair treatment." *Wright v. Jeffreys*, 2020 WL 7480728, at *2 (C.D.Ill. Dec. 18, 2020*), citing Abcarian*, 617 F.3d at 938.

However, courts have held "[t]o treat employees differently is not to classify them in a way that raises equal protection concerns. Rather it is simply to exercise the broad discretion that typically characterizes the employer employee relationship." *Engquist v. Oregon Dep't of Agriculture,* 553 U.S. 591, 605 (2008). Therefore, the class of one theory "does not apply to the employment context generally, let alone a prison's workplace." *Lewis v. Henneman*, 752 F. App'x 365, 367 (7th Cir. 2019); *citing Engquist,* 553 U.S. at 605; *see also Torres v. Harris*, 2019 WL 4415426, at *2 (S.D.Ill Sept. 16, 2019)("A class-of-one equal protection claim is not viable with regard to prison employment.");  *Grady v. Bennett*, 2017 WL 819676, at *3 (S.D.Ill. March 7, 2017)(plaintiff fails to state an equal protection claim based on losing his prison job).

Plaintiff has failed to articulate a claim upon which relief can be granted.  The Court finds any further motions for leave to amend would be futile given the stated basis of Plaintiff's equal protection claim.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted [13].

2) Plaintiff's Amended Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 21st day of February, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE